IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TANAKA BIRDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-66-JPG |
| | ) | |
| GAIL SIMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss (Doc. 24), filed by Defendants Julie Schultze and Gail Simer on May 1, 2007. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED** in all respects, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff filed this 42 U.S.C. § 1983 action against multiple defendants, including Defendant Simer and Defendant Schultze, on February 1, 2005 (Doc. 1). On Feburary 10, 2005, Plaintiff was granted leave to proceed in forma pauperis (Doc. 4). The United States Marshals Service received USM 285 forms from Plaintiff as to Defendant Simer and Defendant Schultze on February 16, 2005. On April 1, 2007, the United States Marshals Service informed the Court that Defendants Schultze and Simer had not responded to the Waiver of Service mailed on March 1, 2007 (Doc. 19). Thereafter, Defendant Simer was served on April 12, 2007 (Doc. 22) and Defendant Schultze was served on April 19, 2007 (Doc. 25). On May 1, 2007, Defendants

Simer and Schultze filed the instant Motion to Dismiss for insufficient service of process alleging that because Defendants Simer and Schultze were not served within 120 days after the filing of Plaintiff's Complaint, the service of the Summons on them must be quashed and Plaintiff's Complaint dismissed.

### CONCLUSIONS OF LAW

Defendants' Motion to Dismiss alleges merely that Plaintiff's Complaint should be dismissed against them because they were not served within 120 days of the filing of Plaintiff's Complaint.  There is no question that service upon Defendants Simer and Schultze was not affected within 120 days of the filing of Plaintiff's Complaint on February 1, 2005.  Therefore, Defendants allege that Federal Rule of Civil Procedure 4(m) was violated, which states as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m).  Defendants would be correct in their assertion unless the proviso applies, that is, if good cause is shown such that the time for service must be extended.

In this case, the Court need not conduct any deep inquiry to determine that good cause has been shown to extend the deadline, regardless of whether Plaintiff sought an extension of the 120-day deadline.  Where, as here, an inmate Plaintiff has been granted in forma pauperis status, that Plaintiff may rely on the United States Marshal Service to serve process. Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996); Sellers v. United States, 902 F.2d 598, 602 (7th

Cir. 1990).  As long as Plaintiff furnished the information necessary to identify the defendant to the Marshals Service, the Marshals Service's failure to complete service within the 120-day period is "automatically 'good cause' requiring an extension of time under Rule 4(m)." Antonelli, 81 F.3d at 1426 (citing Sellers, 902 F.2d at 602).  The record reflects that Plaintiff returned the required USM 285 forms to the Marshals Service, and that the Marshals Service was able to identify Defendants from those forms and then effect service.  Therefore, the time for service under Rule 4(m) was automatically extended, and Defendants' Motion to Dismiss is without merit.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED** in all respects, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 4, 2007**

                                             s/ *Donald G. Wilkerson*
                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**