IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TANAKA BIRDO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.: 3:05-cv-66-JPG |
| GAIL SIMER, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Motion to Dismiss (Doc. 30), filed by Defendants Julie Schultze and Gail Simer on September 16, 2007. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff filed this 42 U.S.C. § 1983 action against multiple defendants, including Defendant Simer and Defendant Schultze, on February 1, 2005 (Doc. 1). On Feburary 10, 2005, Plaintiff was granted leave to proceed in forma pauperis (Doc. 4). The United States Marshals Service thereafter served Defendant Simer and Defendant Schultze and their joint answer was filed on August 17, 2007 (Doc. 29). On September 16, 2007, Defendants filed the instant Motion to Dismiss, alleging that Plaintiff's case should be dismissed for failure to prosecute. In support, Defendants state that they served upon Plaintiff interrogatories and requests to produce but did not receive a response to their request. At the time of Defendant's motion, the Court had not yet entered a scheduling order in this matter.

**CONCLUSIONS OF LAW**

Defendants' Motion to Dismiss alleges merely that Plaintiff's Complaint should be dismissed against them because Plaintiff failed to respond to discovery they propounded upon him. At the time of Defendants' request, however, the Court had not yet entered a scheduling order in this matter. In a normal civil proceeding, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d)(1). The Court is mindful that this prohibition does not specifically extend to matters excluded from initial disclosures under Rule 26(a)(1)(B), which includes "an action brought without an attorney by a person in the custody of the Untied States, a state, or a state subdivision." FED. R. CIV. P. 26(a)(1)(B)(iv). At the time Plaintiff's complaint was filed, Plaintiff was incarcerated, and there is no doubt that the prohibition of Rule 26(d)(1) did not apply. At the time that Defendants propounded discovery on Plaintiff (without a scheduling order in place), however, Plaintiff was no longer incarcerated. Because Plaintiff was no longer incarcerated at the time that Plaintiff's filed their answer in this matter, the applicability of the prohibition on pre-scheduling conference discovery is a close issue.

Ultimately, the Court believes that because this district's local rules exempt "prisoner civil rights cases" from the initial states of disclosure and discovery of Rule 26, that Rule 26 does not forbid discovery from taking place before the parties have conferred pursuant to Rule 26(f). SDIL-LR 26.1(a)(2). The local rule appears to extend Rule 26's exclusion of pro se actions on behalf of incarcerated individuals to any prisoner civil rights cases – regardless of the confinement status of the pro se plaintiff. Accordingly, the parties need not confer pursuant to Rule 26(f), nor are they prohibited from conducting discovery limited to interrogatories and requests to produce prior to the Court entering a scheduling order.

The issue before the Court, however, is whether to recommend that Plaintiff's case be dismissed for failure to respond to Defendant's discovery requests filed after Plaintiff was released from prison but before the Court entered a scheduling order. The Court **RECOMMENDS** that the motion to dismiss for failure to prosecute be **DENIED** because to hold Plaintiff to such a close issue of law under these circumstances, on pain of dismissal, would not serve the purpose of modern discovery provisions, which is to promote the fair and efficient resolution of disputes. Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 892-93 (7th Cir. 1981). Defendants are free, of course, to reserve these interrogatories and requests to produce on Plaintiff now that the Court has entered a scheduling order, and Plaintiff would have thirty days to respond.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 30) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 20, 2008**

                                             s/ *Donald G. Wilkerson*
                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**