IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TANAKA BIRDO | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:05-CV-00066-JPG-DGW |
| GAIL SIMER, et al., | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Defendants Gail Simer and Julie Schultze seek an order from this Court dismissing Plaintiff's Complaint for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on Defendants' Second Motion to Dismiss Plaintiff's Complaint for want of prosecution (Doc. 38). For the reasons set forth below, it is **RECOMMENDED** that this motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

This case concerns Plaintiff's allegations that Defendants Gail Simer and Julie Schultze ("Defendants") violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his serious medical needs (Docs. 1, 12). Plaintiff filed this action on February 1, 2005 (Doc. 1). Defendants were served with process in 2007 and subsequently moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(5) (Docs. 22, 24, 25). On May 16, 2007, Defendants served discovery requests upon Plaintiff. Shortly thereafter, Judge Gilbert adopted the undersigned's report and recommendation and denied Defendants' motion to dismiss (Doc. 27, 28, 30).

On August 17, 2007, Defendants answered Plaintiff's complaint (Doc. 29). Approximately one month later, Defendants moved to dismiss the case again — this time pursuant to Federal Rule of Civil Procedure 41(b). In that motion, Defendants sought dismissal because Plaintiff failed to answer Defendants' aforementioned discovery requests and also because Plaintiff failed to respond to a letter Defendants' counsel wrote to Plaintiff about these requests on August 20, 2007. (Doc. 30). The Court ultimately denied Defendants' motion because this Court had not yet entered a scheduling order (Doc. 35, 37). The Court subsequently set a status conference, which Plaintiff did not attend (Doc. 31, 33). Consequently, the Court issued an Order to Show Cause, in which the Court ordered Plaintiff to explain why he was not present at the status conference (Doc. 36). Although Plaintiff was ordered to respond to this order by March 20, 2008, Plaintiff did not respond until April 14, 2008 (Docs. 36, 41).

As Defendants maintained in their first motion to dismiss for lack of prosecution, Defendants contend once again that Plaintiff's failure to serve any discovery responses and failure to respond to Defense counsel's letter are grounds for dismissal under Federal Rule of Civil Procedure 41(b) (Doc. 38). Defendants additionally argue that Plaintiff's failure to attend this Court's status conference further supports dismissal. *Id.*

Plaintiff has not directly responded to Defendants' motion. Plaintiff states, however, in his response to the Court's order to show cause that he was incarcerated at the Marion County jail from May 4, 2007 - August 16, 2007, and that he was subsequently incarcerated at the Graham Correctional Center where he still resides. *Id.* Plaintiff therefore did not reside on Sycamore Street when Defendants sent their discovery requests, and presumably when the Court issued its order concerning the status conference and its order to show cause (Doc. 41).[1] Plaintiff maintains that

---

[1] Plaintiff was incarcerated at the Marion County Jail from May 4, 2007 - August 16, 2007 (Doc. 41). Plaintiff does not state exactly when he began residing at the Graham

his sisters who reside on Sycamore street did not forward him his mail. *Id.* Plaintiff did not officially inform this Court that his address had changed from Sycamore Street to his current correctional facility until April 4, 2008 (Doc. 39). Plaintiff had previously, however, notified the Court that his address changed six times before (Doc. 8, 11, 14, 15, 17, 18).

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. The Seventh Circuit has recognized a district court's "inherent authority" to dismiss an action for want of prosecution as an aspect of the court's power to control its docket "to achieve orderly and expeditious disposition of cases." *Matter of Bluestein & Co.,* 68 F.3d 1022, 1025 (7th Cir. 1995) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 636 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Since "the interests of justice are best served by resolving cases on their merits," dismissal pursuant to Rule 41(b) is limited, however, to cases where "there is a clear record of delay or contumacious behavior." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *Daniels,* 887 F.2d at 785 (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.3d 337, 339 (7th Cir. 1987). Certain factors guide a district's court's decision to grant or deny a Rule 41(b) motion. These factors include:

> Plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

In this case, Plaintiff, who was proceeding pro-se when Defendants filed their motion, is

---

Correctional Center; therefore, the record is unclear about where Plaintiff resided on August 20, 2007, when Defense counsel wrote Plaintiff and asked Plaintiff to contact him.

clearly at fault for failing to promptly notify this Court that his address had changed from his residence on Sycamore street to the Marion County Jail and the Graham Correctional Center.[2] Consequently, Defendants served discovery on Plaintiff at an address where he did not live, Defense counsel sent a letter to Plaintiff in vain, and the Court sent Plaintiff orders he did not receive. A review of the entire record in this case, however, shows that Plaintiff's behavior, while objectionable, is not the type of behavior that warrants dismissal.

This case has been pending since 2005 and until January of 2007, Plaintiff consistently informed the Court about his address changes (Doc. 8, 11, 14, 15, 17, 18). The eleventh month time frame — from May of 2007 through April of 2008 — when Plaintiff failed to notify the Court about his address changes is not type of delay that warrants dismissal. *See Tome Engenharia E. Transportes LTDA. v. Malki*, 2004 WL 764130, **2 (7th Cir. Apr. 6, 2004) (holding "[i]nactivity alone, even for forty months, does not require dismissal under Rule 41(b)."). *See also GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199-1200 (7th Cir. 1993) (noting "[e]ven if the parties's behavior during the 22-month lull can be fairly characterized as lacking diligence . . . an earlier lack of diligence is not grounds for dismissal when the plaintiff is currently displaying diligence.") (quotations omitted). In addition, Defendants have not suffered any prejudice as a result of Plaintiff's conduct by filing this motion or by attending the Court's status conference. Preparation demands that exist in every lawsuit do not constitute prejudice. *Tome,* 2004 WL 764130, at *2 (citing *Crossman v. Raytheon Long Term Disability Plan,* 316 F.3d 36, 39 (1st Cir. 2002)). Finally, the Court finds that the interests of justice would not be served if the Court were to dismiss a case founded upon the Eighth Amendment simply because Plaintiff failed to communicate with the Court and Defendant for the time frame at issue here. For all of these reasons, the Court finds that dismissal under Federal Rule of Civil Procedure 41(b) is inappropriate and

---

[2] The Court appointed Plaintiff counsel on September 30, 2008 (Doc. 45).

**RECOMMENDS** that Defendants' motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 20, 2009**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**