UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TANAKA BIRDO,

    Plaintiff,

  v.

GAIL SIMER, *et al.*,

    Defendants.

Case No. 05-cv-66-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Tanaka Birdo's motion for attorney's fees for the work he performed on his own case before counsel was appointed (Doc. 96).

The law provides that a court may award a reasonable attorney's fee to a prevailing party in a variety of civil rights actions, including actions under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). However, even assuming Birdo is considered a prevailing party in his § 1983 action, the Court may not award attorney's fees under § 1988 to a *pro se* litigant. *See Redding v. Fairman*, 717 F.2d 1105, 1120 (7th Cir. 1983) ("[A]n award of attorney's fees to a prisoner appearing *pro se* is not appropriate under Section 1988."); *see also Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees. . . . [W]e are also satisfied that they were correctly decided."). This holds true even if the *pro se* litigant is an attorney. *Kay*, 499 U.S. at 437.

To the extent Birdo complains of the attorneys fees paid by the defendant as part of the agreement to settle his case, the Court has no jurisdiction over that dispute. When a suit is dismissed with prejudice, as this case was on July 15, 2010, the Court loses its power to adjudicate disputes arising out of the settlement that led to the dismissal. *See Dupuy v. McEwen*, 495 F.3d 807 (7th Cir. 2007).

For these reasons, the Court **DENIES** Birdo's motion (Doc. 96).

**IT IS SO ORDERED.**
**DATED:  February 24, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**